UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI SALAAM EL,

    Plaintiff,

v.

MORTGAGE, LTD. and JOY ECK,

    Defendants.
                                        /

Case No. 2:08-cv-12330

HONORABLE STEPHEN J. MURPHY, III

**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT
MATTER JURISDICTION, DISMISSING DEFENDANTS' AMENDED
MOTION FOR SUMMARY JUDGMENT** (docket 17), **DISMISSING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (docket 19) **and
DENYING DEFENDANTS' MOTION FOR SANCTIONS** (docket 18)

This is a pro se complaint by the plaintiff, Ali Salaam El, against the defendants Mortgage, Ltd. and Joy Eck for trespassing on his real property in violation of a federally-issued "land patent." This matter comes before the Court on defendants' motion for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure, plaintiff's cross-motion for summary judgment, and defendants' motion for sanctions in accordance with Rule 11 of the Federal Rules of Civil Procedure. Pursuant to Local Rule 7.1(e)(2), the Court determines that oral hearings are unnecessary and orders the determination on the case briefs filed. For the reasons stated below, the Court finds that it lacks subject matter jurisdiction over this case and therefore dismisses the complaint with prejudice. The Court will deny defendants' motion for sanctions pursuant to Rule 11 because the defendants have not strictly complied with the procedural requirements of that rule.

**FACTS**

Plaintiff, Ali Salaam El, has filed a complaint against Mortgage Ltd. and Joy Eck alleging that the defendants violated the plaintiff's right in a "land patent" by trespassing on his property. The subject-property is located at 18441 Coyle Street, Detroit, MI 48235. The property was previously owned by the plaintiff's wife, Aiesha Salaam El (a.k.a Angela D. Harrison). Plaintiff's interest in the subject-property was terminated as of September 15, 2006 by an Order for Default Judgment entered by Wayne County Circuit Court Judge Warfield Moore. Plaintiff's wife's interest in the subject-property was terminated on November 29, 2006 by way of Sheriff's Deed on Mortgage Sale. Defendant Mortgage, Ltd. purchased the property at a foreclosure auction on November 29, 2006. Mortgage, Ltd. did not, however, take possession until after the expiration of the six-month statutory redemption period, after a Judgment of Possession and after a Bailiff's eviction. Mortgage, Ltd. obtained a Judgment of Possession on June 21, 2007 in the District Court (*Mortgage, Ltd. v. Angela D. Harrison and All Other Occupants of 18441 Coyle, Detroit, MI 48235*). The plaintiff and his family were evicted on or about July 18, 2007, pursuant to an Order of Eviction.

Plaintiff brought an action for possession in the 36th District Court entitled *H.H. Enterprises v. Mortgage, Ltd.* (#07-324502-LT). The plaintiff received a default Judgment of Possession against Mortgage, Ltd., but was unable to provide proof of ownership at a subsequent writ hearing. The Court found that the Judgment was erroneously entered. Despite the ruling, the plaintiff and his family broke into the subject-property (which had recently undergone renovations) and relied on the faulty Judgment to regain possession of the property.

The plaintiff instituted another action this time in the Wayne County Circuit Court entitled *H.H. Enterprises v. Mortgage, Ltd., Jean M. Holtzman, Weltman, Weinberg and Reis Co. et al.* (#07-722082-NZ).  The plaintiff brought this action to gain possession of the subject-property as a result of overdue land usage fees and the "land patent."  A Default Judgment was entered on behalf of the plaintiff, but was reversed after the judge reprimanded the plaintiff for bringing a frivolous action, for misrepresenting the nature of the service of process to the court, and for his abuse of the legal system.

Plaintiff brings the current action based on a "Declaration of Land Patent" document, in which the plaintiff (under his name of Lloyd Harrison) declares that he is the "assignee" of land patent number 23518.  Plaintiff also attaches to his complaint what appears to be a land patent No. 23518, dated November 2, 1837, which appears to have issued from the General Land Office of the United States and granted rights in certain land in Detroit to Douglas Houghton, Henry Hubbard and Thomas Hubbard and their heirs and assigns. Plaintiff has offered no evidence of any connection between the 1837 land patent and himself other than the self-signed "Declaration of Land Patent," and an affidavit stating that the plaintiff published a notice that the land at issue had been duly "patented" and anyone having a legal claim to the land must make the claim within 30 days of the date of the notice or "forever be precluded" from making a claim.  Plaintiff has named Joy Eck, an agent of Mortgage, Ltd., as a party to the litigation even though there is no evidence that plaintiff has any contact with Eck or that Eck has ever possessed the subject-property.

Plaintiff is pleading *pro se*. Courts construe the briefs of *pro se* litigants liberally and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel. *Bouyer v. Simon*, 22 Fed. Appx. 611, 612 (6th Cir. 2001).  Despite the liberal

3

construction the Court affords *pro se* briefs, "it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *1 (E.D. Mich. April 25, 2008). The plaintiff has not properly responded to either of the defendants' motion for summary judgment or the defendants' motion for sanctions.

## DISCUSSION

Federal courts are courts of limited subject matter jurisdiction and they may only exercise that jurisdiction authorized by a congressional grant of jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). "[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998), and subject-matter jurisdiction is an issue which can be raised by the Court *sua sponte* at any time. *See Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994). Further, a district court "may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Thus, before the Court goes on to address the substance of the motions to dismiss it must first determine if it has jurisdiction to adjudicate this controversy.

"Federal jurisdiction is determined solely from the face of plaintiff's complaint." *Michigan Sav. and Loan League v. Francis*, 683 F.2d 957, 960 (6th Cir. 1982) (citing *Gully v. First National Bank*, 299 U.S. 109 (1936)). Diversity of citizenship has not been pled,

and therefore the plaintiff may only avail himself of the jurisdiction of this Court by asserting that his claim arises under the Constitution, laws or treaties of th United States.  See 28 U.S.C. § 1331.

This is a case between two private parties alleging trespass and damage to property. The only possible grounds for invoking federal "arising under" jurisdiction is that the plaintiff is claiming rights in the subject property based upon a federal land patent issued in 1837. The Supreme Court had made it clear that federal land patents do not confer federal question jurisdiction. *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) (citing *Shulthis v. McDougal*, 224 U.S. 561, 569-70 (1912)); *Leach v. Building and Safety Eng. Div.*, 993 F. Supp. 606, 608 (E.D. Mich. 1998).  The claimed federal land patent is the only purported basis for jurisdiction in this Court, and therefore under clear precedent, there is no jurisdiction for plaintiff's claims and the action must be dismissed. As there is no jurisdiction over this case, the Court lack's jurisdiction to consider defendants' motion for summary judgment.

The defendants have also asked this Court to sanction the plaintiff for bringing this suit. The plaintiff in this case has filed a response to the defendants' motion for summary judgment entitled "Motion to Deny Summary Judgment," but did not respond to the defendants argument for sanctions based on Rule 11. Instead, the plaintiff reiterated claims he mentioned in his original complaint and listed a number of cases in "support" of his complaint.

Rule 11 (c) states that "if the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. Rule Civ. Pro. 11 (c). This

5

Court has stated that "*pro se* litigants must comply with Rule 11 and make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law." *Nuckols v. Grace Ctrs. of Hope*, No. 07-13735, 2007 WL 4454298, at *2 (E.D. Mich. Dec. 14, 2007) (quoting *Stevens v. Mooney*, No. 95-1757, 1996 WL 125048, at *1 (6th Cir. March 20, 1996)).  The Sixth Circuit has, held that sanctions were appropriate when *pro se* litigants raised identical issues to those raised in a prior lawsuit in which the trial court had previously resolved against them. *Woolum v. Seabold*, 902 F.2d 1570 (6th Cir. 1990). The Sixth Circuit has also held that a district court retains jurisdiction to assess Rule 11 sanctions even after a dismissal for lack of subject matter jurisdiction. *Grossman v. Garratt & Evans, P.C.*, 992 F.2d 1216 (6th Cir. 1993).

The Court will not grant defendants' motion for sanctions, however, because there is no evidence in the record that they have complied with the requirements of Rule 11. Rule 11 provides that any motion for sanctions must be served 21 days prior to being filed with the Court, to permit the offending party to withdraw the challenged paper or action. Fed. R. Civ. P. 11(c)(2).  The certificate of service attached to defendants' motion for sanctions shows that it was served upon the plaintiff the same day as it was filed with the Court, and only ten days prior to the date that defendants' amended motion for sanctions was filed with the Court.  The Sixth Circuit has held that a motion for sanctions pursuant to Rule 11 must strictly comply with the twenty-one day "safe harbor" requirement contained in Rule 11 (c)(2). *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). The defendants did not comply with this provision and therefore the Court may not consider their motion for sanctions.

**ACCORDINGLY, IT IS HEREBY ORDERED** that plaintiff's complaint is

6

**DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction; defendants' amended motion for summary judgment (docket entry 17) is **DISMISSED**; plaintiff's motion for summary judgment (docket entry 19) is **DISMISSED**; and defendants' amended motion for sanctions (docket entry 18) is **DENIED**.

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: July 6, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 6, 2009, by electronic and/or ordinary mail.

                                              Alissa Greer
                                              Case Manager